UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In re: BETSEY WARREN LEBBOS,
        Debtor,
_____/

JASON GOLD,

        Appellant,

   v.

LINDA SCHUETTE,

        Appellee.
_____/

NO. CIV. S-09-3371 FCD

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on pro se appellant Jason P. Gold's ("Gold" or "appellant") appeal of the bankruptcy court's order directing Betsy Lebbos ("Lebbos") and Thomas Carter ("Carter") to comply with the bankruptcy court's judgment in favor of Linda Schuette ("Schuette" or "appellee"), trustee of the bankruptcy estate.  (Docket # 1.)  The bankruptcy court's order did not apply to Gold, but he nonetheless, pursuant to 28 U.S.C. § 158(a), elected appeal to this court.

1

The court has reviewed the parties' briefs and the underlying record, as contained within the excerpts of record submitted by appellant, and by this order, issues its decision DISMISSING appellant's appeal for lack of standing.[1]

**BACKGROUND**

On January 3, 2007, Schuette filed an adversary complaint against Lebbos, Carter, and appellant seeking an order setting aside two fraudulent transfers of real property and related relief. (Appellant's Br., Excerpts of Record ["ER"], filed Dec. 21, 2009, at E24-38.)[2] On April 17, 2008, the bankruptcy court entered a judgment in favor of Schuette against Lebbos, Carter, and appellant. (Id. at D21-23.) On August 19, 2009, Schuette filed a motion to hold Lebbos, Carter, and Gold in contempt for noncompliance with the judgment. (Id. at G67-78.) On September 16, 2009, the court held a preliminary hearing and determined that an evidentiary hearing was necessary. (Id. at C16-20.) At the evidentiary hearing on October 19, 2009, Schuette called witnesses and introduced evidence. (Appellee's Br., filed Jan. 13, 2010, at 1.) Appellant cross-examined witnesses, attempted to call witnesses, and objected to evidence.[3] (Id. at F39-66.)
///

---

[1] Because the court finds that oral argument will not be of material assistance, it orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

[2] Appellant filed voluminous documents with his opening brief, and labeled the documents with a unique numbering system. (Docket # 1.) For the purposes of clarity, the court will refer to those documents using appellant's numbering system.

[3] Carter did not appear at the evidentiary hearing. Lebbos requested to appear telephonically, but the court denied her request. (Appellee's Br. at 1.)

2

1    On November 18, 2009, the court issued findings of fact and
2 conclusions of law, which found that Lebbos and Carter were in
3 contempt of court.  (ER at BR3-15.)  The court also found that
4 (1) appellant had filed his own personal Chapter 7 bankruptcy on
5 August 4, 2009; (2) appellant had not informed the bankruptcy
6 court nor opposing counsel of this filing until after opposing
7 the contempt motion and participating in the evidentiary hearing;
8 and (3) appellant's personal bankruptcy case was still pending.
9 (Id. at B3-4.)  The court stated that because of the automatic
10 stay provisions of 11 U.S.C. § 362(a), it would "make no findings
11 or conclusions as to [appellant] and will issue no order against
12 [appellant] at this time."  (Id.)  The court also issued a
13 further order on November 19, 2009, which specifically directed
14 Lebbos and Carter to comply with paragraphs six, seven, and eight
15 of the April 17 judgment.  (Id. at A1-2.)  On November 30, 2009,
16 appellant filed his notice of appeal of the contempt order.
17 (Docket # 1.)

**STANDARD OF REVIEW**

19    Standing to appeal from a bankruptcy court's order is
20 determined under the so-called "persons aggrieved" test.  In re
21 Menk, 241 B.R. 896, 917 (9th Cir. 1999) (citing Everex Sys., Inc.
22 v. Cadtrak Corp. (In re CFLC, Inc.), 89 F.3d 673, 675 (9th Cir.
23 1996)).  The persons aggrieved test limits appellate standing to
24 "those persons who are directly and adversely affected
25 pecuniarily by an order of the bankruptcy court."  Fondiller v.
26 Robertson (In re Fondiller), 707 F.2d 441, 442 (9th Cir. 1983);
27 see In re CFLC, Inc., 89 F.3d at 675; Brady v. Andrew (In re
28 Commercial W. Fin. Corp.), 761 F.2d 1329, 1334 (9th Cir. 1985).

3

Thus, a district court should dismiss an appeal for lack of standing if the appellant cannot demonstrate that the bankruptcy court's order had a direct and adverse affect on appellant. See In re Menk, 241 B.R. at 917.

United States bankruptcy courts have the power to impose orders for civil contempt. See Oliner v. Kontrabecki, 305 B.R. 510, 520 (N.D. Cal. 2004); see Caldwell v. Unified Capital Corp. (In re Rainbow Magazine), 77 F.3d 278, 284 (9th Cir. 1996). The standard of review in the Ninth Circuit for civil contempt orders is abuse of discretion. Oliner, 305 B.R. at 520 (citing Fed. Trade Comm'n v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999)). A bankruptcy court's legal conclusions are reviewed de novo, and its findings of fact are reviewed for clear error. Eskanos v. Roman (In re Roman), 283 B.R. 1, 7 (9th Cir. 2002). "It is a 'long-standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy.'" United States v. Ayres, 166 F.3d 991, 995 (9th Cir. 1999) (quoting United States v. Rylander, 460 U.S. 752, 756-57 (1983)); Oliner, 305 B.R. at 520.

**ANALYSIS**

Appellant raises a number of issues in his brief. The gravamen of appellant's argument is that the bankruptcy court abused its discretion when it determined Lebbos, Carter, and appellant were in civil contempt. Specifically, appellant argues that the bankruptcy court (1) did not have jurisdiction over appellant, and (2) had insufficient evidence to find that appellant did not comply with the bankruptcy court's April 2008

4

judgment. (Appellant's Br. at 1-4.) In response, appellee contends, *inter alia*, that (1) appellant failed to timely file his notice of appeal, and (2) appellant does not have standing to bring this appeal. (Appellee's Br. at 2.)

**A.   Timely Notice of Appeal**

Appellant filed this appeal on November 30, 2009, eleven days after the bankruptcy court entered its order on November 19, 2009. (Docket # 1; ER at A1-2.) Appellee argues that under Federal Rule of Bankruptcy Procedure 8002(a), appellant had to file his appeal within ten days of the court's order. See Fed. R. Bankr. P. 8002(a). Appellant contends that because the tenth and final day to file his appeal fell on a Sunday, Federal Rule of Bankruptcy Procedure 9006(a)(1) permitted him to file his appeal on the following day, Monday, November 30. (Appellant's Reply Br., filed Jan. 21, 2010, at 2.)

Prior to December 1, 2009, Rule 8002(a) permitted an appellant to file a timely appeal within ten days of a bankruptcy court's order. A recent amendment to Rule 8002(a), however, extended the time period to file an appeal from ten to fourteen days. See Fed. R. Bankr. P. 8002(a). Rule 9006 was amended concurrent with Rule 8002, and governs how time periods are computed in bankruptcy proceedings. Amended Rule 9006 states that, when computing time periods, if the last day of the time period falls on a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the *next day* that is not a Saturday, Sunday, or legal holiday." Fed. R. Bankr. P. 9006(a)(1)(C). However, prior to the amendment, there was

///

5

confusion as to whether a deadline could be extended to the "next day" that is not a Saturday, Sunday, or legal holiday.[4]

In the present case, appellant filed his appeal before the amendments to Rules 8002(a) and 9006 took effect. Thus, when appellant filed his appeal on Monday, November 30, he filed eleven days after the court's order, technically in violation of Rule 8002(a). As stated above, though, it is not entirely clear whether under former Rule 9006, appellant's filing should be considered timely. The court assumes, for the purposes of this appeal, that Rule 9006 would have provided appellant an extra day to file his appeal. Thus, since the deadline to file fell on Sunday, November 29, the court finds appellant's filing on Monday, November 30, to be timely.

**B.   Standing**

Appellee next contends that appellant has no standing to bring this appeal. Specifically, appellee argues that appellant was not a party to the bankruptcy court's contempt order, and thus was not "directly and adversely affected" by the order. (Appellee's Br. at 4.)

Under the persons aggrieved test, an appellant must demonstrate that he was "directly and adversely affected pecuniarily by an order of the bankruptcy court." In re Fondiller, 707 F.2d at 442. If the appellant fails to demonstrate how he was aggrieved by the bankruptcy court's order, he lacks standing to appeal. See Id.

---

[4] Indeed, the committee notes accompanying Rule 9006 stated that an amendment was necessary because computing deadlines under the former rule was "unnecessarily complicated." Fed. R. Bankr. P. 9006 advisory committee note.

6

1     Here, appellant clearly fails to demonstrate that he was
2 directly and adversely affected by the bankruptcy court's order.
3 The express language of the court's order is dispositive.  The
4 court determined that because appellant had filed his own Chapter
5 7 bankruptcy, it was necessary to automatically stay the contempt
6 proceeding against appellant in accordance with 11 U.S.C.
7 § 362(a).  (ER at B3-4.)  The court stated unequivocally that it
8 would "make no findings or conclusions as to [appellant] and will
9 issue no order against [appellant] at this time."  (Id.)
10 Therefore, the court's civil contempt order applied *only* to
11 Lebbos and Carter and not to appellant.  The court did not order
12 relief against appellant, and no conceivable interpretation of
13 the court's language could lead to the conclusion that the order
14 applied in any way to appellant.  In sum, appellant cannot
15 demonstrate that a contempt order "directly and adversely
16 affected" him when the bankruptcy court clearly indicated that it
17 was not issuing an order against him.  In re Fondiller, 707 F.2d
18 at 442.  Because appellant cannot demonstrate any direct or
19 adverse effect, appellant lacks standing to appeal the civil
20 contempt order.[5]  See id.; In re Commercial W. Fin. Corp., 761
21 F.2d at 1334.
22 ///
23 ///
24 ///
25 ///

---

[5] Because appellant lacks standing to bring this appeal, the court need not reach the substantive merits of appellant's arguments concerning the propriety of the bankruptcy court's contempt findings.

7

**CONCLUSION**

For the foregoing reasons, appellant's appeal is dismissed for lack of standing.  The Clerk of the Court is directed to close this file.

IT IS SO ORDERED.

DATED: April 19, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE